**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MUSILIMOT OLUWATOYIN KEY,

*Petitioner,*

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE; JOHN ASHCROFT, Attorney
General,

*Respondents.*

No. 02-1805

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A72-725-722)

Submitted: April 15, 2003

Decided: May 27, 2003

Before WILKINSON, LUTTIG, and GREGORY, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

### COUNSEL

Ronald D. Richey, RONALD D. RICHEY & ASSOCIATES, Rock-ville, Maryland, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Linda S. Wendtland, Larry P. Cote, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUS-TICE, Washington, D.C. for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Musilimot Oluwatoyin Key petitions for review of the Board of Immigration Appeals' ("Board") denial of her motion to reopen her deportation proceedings. Key is a citizen and native of Nigeria. She is married to an American citizen and has four children, including two young daughters. Key's motion to reopen is based on her eligibility for asylum based on alleged changed circumstances in Nigeria involving its laws, tribal customs, and country conditions. The crux of these allegations is Key's fear of her father in Nigeria, who demands that Key's five-year-old daughter be subjected to female genital mutilation if the daughter visits Nigeria. Key alternatively claims she is eligible for an adjustment in status based on her marital status. For the following reasons, we deny Key's petition for review.

We review the Board's denial of a motion to reopen or a motion to reconsider for abuse of discretion. 8 C.F.R. § 3.2(a) (2002); *INS v. Doherty*, 502 U.S. 314, 323-24 (1992); *Stewart v. INS*, 181 F.3d 587, 595 (4th Cir. 1999). We utilize extreme deference in reviewing the denial of a motion to reopen because immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. *M.A. v. INS*, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). The denial of a motion to reopen is an abuse of discretion when the denial is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002) (quoting *Tipu v. INS*, 20 F.3d 580, 592 (3d Cir. 1994)). *See also Gottesman v. INS*, 33 F.3d 383, 389 (4th Cir. 1994) (holding the Board's decision will be upheld unless petitioners show it was arbitrary or capricious).

The Board cannot grant a motion to reopen when the alleged detrimental change in circumstances was previously available but not presented in prior deportation proceedings. "A motion to reopen proceedings shall not be granted unless it appears to the Board that evi-

dence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. . . ." 8 C.F.R. § 3.2(c)(1)(2002).

In reviewing Key's motion to reopen based on her petition for asylum, we find the Government has presented credible evidence that Key knew of the conflict with her father as early as the birth date of her daughter, long before the deportation hearing in which Key conceded deportability before the immigration judge. Moreover, the precedent Key claims represents a significant change in the law, *see Matter of Kasinga*, 21 I. & N. Dec. 357 (BIA 1996) (holding petitioner challenging deportation order can raise female genital mutilation as basis for asylum in motion to reopen), was published and available to Key prior to her initial deportation hearing in November 1996. Thus *Kasinga* did not constitute a significant change in the law at the hearing before the immigration judge.

We also deny Key's motion to reopen on the basis that her marital status warrants an adjustment of status. The Board correctly found that this claim was untimely filed. *See* 8 C.F.R. § 3.2(c)(2) (2000).\* Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*

---

\*A motion to reopen that applies for asylum based on changed circumstances that are material and previously unavailable is not subject to the ninety-day filing period. The Board denied the motion to reopen as untimely only insofar as Key attempts to claim an adjustment of status in her motion to reopen.